BEFORE THE
UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SeAH STEEL CORPORATION, LTD., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | Court No. 11-00226 |

COMPLAINT

Plaintiff SeAH Steel Corporation, Ltd. ("Plaintiff"), files this complaint to contest the final determination by the U.S. Department of Commerce ("Commerce") in the seventeenth administrative review of the antidumping order on Circular Welded Non-Alloy Steel Pipe from Korea.

JURISDICTION

1. This action arises out of an antidumping duty administrative review conducted by Commerce pursuant to Section 751 of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1675. Commerce published notice of the final results of the review in the *Federal Register* on June 21, 2011. *See Circular Welded Non-Alloy Steel Pipe from the Republic of Korea: Final Results of the Antidumping Duty Administrative Review,* 76 Fed. Reg. 36089 (June 21, 2011) (hereinafter referred to as the "*Final Results*").

2. This action is commenced pursuant to Sections 516A(a)(2)(A) and (B)(iii) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. §§ 1516a(a)(2)(A) and (B)(iii). Consequently, this Court has jurisdiction over this matter by reason of 28 U.S.C.

§ 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

### PLAINTIFF'S STANDING TO COMMENCE THIS ACTION

3.   Plaintiff is a producer and exporter of circular welded non-alloy steel pipe from Korea, the subject merchandise at issue in this appeal.  Plaintiff participated as a respondent in the administrative review of the antidumping order that is the subject of this appeal.  Accordingly, Plaintiff is an "interested party" within the meaning of section 771(9)(A) of the Tariff Act, as amended 19 U.S.C. § 1677(9)(A), and has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

### TIMELINESS OF THIS ACTION

4.   On June 21, 2011, the *Final Results* were published in the *Federal Register. See Circular Welded Non-Alloy Steel Pipe from the Republic of Korea: Final Results of the Antidumping Duty Administrative Review,* 76 Fed. Reg. 36089 (June 21, 2011).

5.   On July 6, 2011, Plaintiff initiated this action by filing a summons and this complaint within the time specified by Section 516A(a)(5) of the Act, 19 U.S.C. § 1516a(a)(5), which permits parties to challenge the final results of administrative reviews of antidumping orders by filing a summons within 30 days after publication of the final results, and a complaint within 30 days thereafter.

### STATEMENT OF CLAIMS

6.   Commerce's final determination in the administrative review of the antidumping duty order on Circular Welded Non-Alloy Steel Pipe from Korea that is the subject of this appeal was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law, for the following reasons, among others:

(1) Commerce improperly treated negative dumping margins on individual transactions as zero margins for purposes of calculating the weighted-average margin of dumping for Plaintiff in a manner that is inconsistent with Commerce's own prior interpretation of the antidumping statute in other contexts, and without a reasonable explanation as to why such a methodology is permitted by the relevant provisions of the statute, as required by the recent decisions by the Court of Appeals for the Federal Circuit in *Dongbu Steel v. United States,* 635 F.3d 1363 (Fed. Cir. 2011) and *JTEKT v. United States,* Nos. 2010-1516 and 1518, 2011 U.S. App. LEXIS 13252 (Fed. Cir. June 29, 2011).

(2) For purposes of determining whether SeAH's home-market sales were at prices that permitted a recovery of all costs within a reasonable period of time, Commerce did not compare home-market prices to the weighted-average per unit cost of production for the period of review, as required by the antidumping statute, but instead indexed the costs on a quarterly basis using a methodology that has been held by this Court to be inconsistent with the relevant provisions of the antidumping statute in *SeAH Steel v. United States*, No. 09-00248, 2011 Ct. Intl. Trade LEXIS 32, Slip Op. 2011-33 (Ct. Int'l Trade, March 29, 2011).

(3) Commerce's determination contained other errors of law and fact that will become more apparent after a full review of the administrative record.

<u>DEMAND FOR JUDGMENT</u>

7.   WHEREFORE, Plaintiff respectfully requests this Court to:

(1)   Declare Commerce's *Final Results* to be arbitrary and capricious, unsupported by substantial evidence, and otherwise not in accordance with law; and

(2)   Remand this matter to Commerce for disposition in a manner consistent with the judgment of this Court; and

(3)   Provide such other relief as this Court deems appropriate.

                       Respectfully submitted,

                       <u>/s/Jeffrey M. Winton</u>
                       Jeffrey M. Winton

                       LAW OFFICE OF JEFFREY M. WINTON
                       1725 I Street, N.W., Suite 300
                       Washington, DC  20006
                       (202) 413-2779

                       Attorney for SeAH Steel Corporation, Ltd.

Dated:  July 7, 2011